

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>D-3, TAMARA ROSE,<br><br>Defendant. | No. 19-20100<br>Hon. Nancy G. Edmunds<br><br>Offense(s):<br>Count 1 - 21 U. S. C. § 846 – 5yr mm<br>Conspiracy to Distribute a Controlled Substance<br><br>Count 5 - 21 U. S. C. § 843(b), Use of a Communication Device in the Distribution of a Controlled Substance<br><br>**Maximum Penalty:**<br>Mandatory Minimum 5 years - up to 40 years (Count 1)<br>Up to 5 Years (Count 5)<br><br>**Maximum Fine:**<br>Not to exceed $5,000,000 (Count 1)<br>Not to exceed $250,000 (Count 5)<br><br>**Mandatory Supervised Release:**<br>Mandatory 4 years |

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Tamara Rose and the government agree as follows:

1. **Guilty Plea**

    A. **Count(s) of Conviction**

    Defendant will enter a plea of guilty to Counts One and Five of the Indictment, which charges her with conspiracy, distribution and possession with intent to distribute controlled substances, and use of a telecommunication device in connection with a controlled substance offence in violation of 21 U. S. C. § 841(a)(1), (b)(1)(C) and 843(b).

    B. **Elements of Offense(s)**

The elements of **Count One** are as follows:

1. The defendant knowingly and intentionally entered into an agreement with others; and
2. The purpose of the agreement was to distribute one or more controlled substances, specifically 40 grams or more of a mixture or substance containing fentanyl.

The elements of **Count Five** are as follows:

1. That Defendant Rose knowingly participated in an offense involving the distribution of a controlled substance, specifically fentanyl and,
2. Defendant Rose, used a telecommunication device, a cellular telephone, in the commission of the offense.

C.  **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty plea(s): During the summer of 2018, DEA identified Jermaine Matthews as a distributor of counterfeit oxycodone pills. Matthews was selling pills that appeared to be oxycodone 30mg at $12.00 per pill. DEA submitted the pills for analysis and they were later determined to contain fentanyl.

On August 14, 2018, Matthews and made arrangements to sell 200 fentanyl pills to a DEA CS for $3,600.  The sale was completed on August 17, 2019 in the Royal Oak area.

On September 28, 2018, arrangements were made with Matthews to purchase an additional 200 pills.  Matthews agreed to the sale but advised that the cost of the pills would be $15.00 each.   DEA, through their investigation learned that the pills in August and September were being sent to Detroit by co-defendant Tamara Rose from Arizona.  The CS was contacted by Matthews and was advised that he could pick up the package in Royal Oak.  The package was recovered from the CS by DEA and later found to contain 200 pills containing fentanyl.

On January 15, 2019 DEA ordered an additional 200 pills from Matthews. Tamara Rose packaged 200 pills and mailed them to an address in Royal Oak. DEA intercepted the pills that also tested positive for the controlled substance fentanyl. Later cellular telephone conversations involving Matthews and Rose

confirmed that Matthews and Rose were complicit in sending the pills that had been seized by DEA.

The defendant stipulates that the controlled substance in this case was in fact fentanyl, and that the amount involved totaled over 40 grams.

2. **Sentencing Guidelines**

    A. **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 60 months, as set forth on the attached worksheets. If the Court finds:

    1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

    2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 60 months, the higher guideline range becomes the **agreed range**. The parties understand and

agree that the counts of conviction require the Court to sentence the defendant to a mandatory minimum sentence of **60 months.**

However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

　A.　**Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

　B.　**Supervised Release**

The Court must impose a term of supervised release of at least 4 years on Count 1. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C. Special Assessment

Defendant will pay a special assessment of $200.00 at the time of sentencing.

### D. Fine

There is no agreement as to fines.

### E. Restitution

Restitution is not applicable to this case.

## 4. Each Party's Right to Withdraw from This Agreement

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if she does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

## 5. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 60 months, the defendant also waives any right she may have to appeal her sentence on any grounds. If the defendant's sentence of imprisonment is at least 60 months, the government waives any right it may have to appeal the defendant's sentence.

However, this waiver does not bar filing a claim of ineffective assistance of counsel, provided such a claim is properly brought pursuant to 28 U.S.C. §2255.

6. **Consequences of Withdrawal of Guilty Plea(s) or Vacation of Conviction(s)**

If defendant is allowed to withdraw her guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

7. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 8. Outstanding Charges

There are no other charges against the defendant in this case.

## 9. Collateral Consequences of Conviction

Defendant understands that his conviction(s) here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Defendant further understands that, if she is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future and other possible consequences. Defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of defendant's conviction on any of these matters. Defendant nevertheless affirms that she chooses to plead guilty regardless of any immigration consequences or other collateral consequences of her conviction.

## 10. Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11. **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on 07/19/2019. The government

reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

Matthew Schneider
United States Attorney

_____
Julie A. Beck
Assistant United States Attorney
Chief, Drug Task Force

_____
John N. O'Brien II
Assistant United States Attorney
Deputy Chief, DTF

Date: 07/11/2019

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that he is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of his questions answered by her lawyer.

_____
Pamela Szydlak
Attorney for Defendant Rose

8/21/19
Date

_____
Tamara Rose
Defendant

8/21/19
Date

# WORKSHEET A
# OFFENSE LEVEL

Defendant: Tamara Rose
District/Office: Eastern District of Michigan
Docket Number: 19-20100
Count Number(s): 1,5
U.S. Code Title & Section: 21 : 846 ; 21 : 843(b)

*Guidelines Manual* Edition Used: 2018 (Note: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (see §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (see §3D1.2(a) & (b)).

### 1. Offense Level (See Chapter Two)
Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2D1.1 | Conspiracy to deliver fentanyl - total amount seized 100.9 grams | 24 |
| 3B1.1 | leader - other | 2 |
| 2D1.6 | Use of a cell phone to commit drug offense | 26 |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. See §1B1.5.   Sum: 26

### 2. Victim-Related Adjustments (See Chapter Three, Part A)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".   §____  ____

### 3. Role in the Offense Adjustments (See Chapter Three, Part B)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".   §____  ____

### 4. Obstruction Adjustments (See Chapter Three, Part C)
Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".   §____  ____

### 5. Adjusted Offense Level
Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.   26

[✓] Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET B
## MULTIPLE COUNTS*

Defendant: Tamara Rose

Docket Number: 19-20100

### INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (see §3D1.2(a)). Explain the reasons for grouping:

_____
_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (i.e., counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. See §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (see §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

1. **Adjusted Offense Level for the First Group of Counts**

    Count number(s) 1 and 5                              ___  1 Unit

2. **Adjusted Offense Level for the Second Group of Counts**

    Count number(s) _____                             ___  ___ Unit

3. **Adjusted Offense Level for the Third Group of Counts**

    Count number(s) _____                             ___  ___ Unit

4. **Adjusted Offense Level for the Fourth Group of Counts**

    Count number(s) _____                             ___  ___ Unit

5. **Adjusted Offense Level for the Fifth Group of Counts**

    Count number(s) _____                             ___  ___ Unit

6. **Total Units**

                                                          1 Total Units

7. **Increase in Offense Level Based on Total Units** (See §3D1.4)

    | 1 unit: | no increase | 2½ – 3 units: | add 3 levels |
    | 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels |
    | 2 units: | add 2 levels | More than 5 units: | add 5 levels |

                                                          0

8. **Highest of the Adjusted Offense Levels from Items 1–5 Above**

                                                          ___

9. **Combined Adjusted Offense Level** (See §3D1.4)

    Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.    26

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

U.S. Sentencing Commission Worksheets (November 1, 2016)

## WORKSHEET C
## CRIMINAL HISTORY
[Page 1 of 2]

Defendant **Tamara Rose**　　　　　　　　　　　Docket Number **19-20100**

Note: As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

Enter the Earliest Date of the Defendant's Relevant Conduct **February 2019**
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(d)(2)(B).

Note: Identify as **"adult"** any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to the defendant's earliest date of relevant conduct, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. See §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. See §§4A1.1(c) and 4A1.2(e)(2).

Note: A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to the defendant's earliest date of relevant conduct but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 09/09/2004 | Use of CS/ OWI | 1 yr probation | | | 0 |
| | | | | | |
| | | | | | |
| | | | | | |

U.S. Sentencing Commission Worksheets (November 1, 2016)

# Worksheet C — Criminal History [Page 2 of 2]

Defendant: Tamara Rose    Docket Number: 19-20100

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.   **0**

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

**4. Total Criminal History Points** (Sum of Items 3–5)

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

**I**

U.S. Sentencing Commission Worksheets (November 1, 2016)

## WORKSHEET D
# DETERMINING THE SENTENCE
[Page 1 of 4]

Defendant **Tamara Rose**    Docket Number **19-20100**

1. **Adjusted Offense Level** (From Worksheet A or B)
   If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.    **26**

2. **Acceptance of Responsibility** (See Chapter Three, Part E)
   Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".    **−3**

3. **Offense Level Total** (Item 1 less Item 2)    **23**

4. **Criminal History Category** (From Worksheet A or C)
   Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.    **III**

5. **Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   a. **Offense Level Total**
      If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

   b. **Criminal History Category**
      If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

6. **Guideline Range from Sentencing Table**
   Enter the applicable guideline range from Chapter Five, Part A, in months.    **46** to **57**

7. **Restricted Guideline Range** (See Chapter Five, Part G)
   If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".    **60** to **60**

   ☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

8. **Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

   ☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant __Tamara Rose__                                    Docket Number __19-20100__

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant **Tamara Rose**   Docket Number **19-20100**

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

a. **Imposition of a Term of Supervised Release:**

[✓] Ordered because required by statute (See §5D1.1(a)(1)).

[ ] Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

[ ] Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

[ ] Ordered because it may be ordered in any other case (See §5D1.1(b)).

b. **Length of Term of Supervised Release**

Check the Class of the Offense:

[ ] Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

[ ] Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

[ ] Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

[✓] If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

**4** years mandatory minimum term of supervised release

[ ] If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
**n/a**

b. Enter whether restitution is statutorily mandatory or discretionary:

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant: Tamara Rose  Docket Number: 19-20100

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

a. **Special Fine Provisions**  Minimum  Maximum

☐ Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.   $5,000,000

b. **Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.   $20,000   $200,000

c. **Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))).   $20,000   $5,000,000

d. **Ability to Pay**

☐ Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**   $200

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

Completed by: John O'Brien  Date: July 11, 2019